Mary MORAN, Plaintiff-Respondent,

v.

NORTH COUNTY NEUROSURGERY, INC., and Dr. Reno Cova, Defendants-Appellants.

No. 50426.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 19, 1986.

Joseph M. Kortenhof, St. Louis, for defendants-appellants.

Brian R. Gelber, Clayton, for plaintiff-respondent.

SMITH, Judge.

Defendants appeal from an order granting plaintiff's motion for new trial. Contrary to Rule 78.03 the trial court gave no reason for granting the new trial. Pursuant to Rule 84.05(b) defendants requested the plaintiff to file the original brief. We reverse.

Because of the failure of the trial court to comply with Rule 78.03 our scope of review is limited. We may not indulge in any presumption that the new trial was granted on discretionary grounds; we presume the new trial was granted erroneously; the burden is upon plaintiff to establish reversible error on the record; in meeting that burden plaintiff is limited to the errors specified in her motion for new trial and in her brief. *Brock v. Steward,* 519 S.W.2d 365 (Mo.App.1975) [6]; Rule 84.05(b) and (c).

Plaintiff brought her cause of action for medical malpractice by defendant Cova. Liability of North County Neurosurgery, Inc. was pled and submitted solely on grounds of respondeat superior. During the course of deliberations the jury posed the question whether it could find Cova not negligent and North County negligent. The court, without any objection, replied that it could give no further instructions. Shortly thereafter the jury returned a verdict in favor of plaintiff and against North County for $80,000, and against plaintiff and in favor of Cova. After polling the jury the court accepted the verdict. Before the jury was discharged defendants orally moved for judgment in favor of both defendants on the basis that exoneration of the servant exonerated the master. Plaintiff's attorney remained silent throughout. The court took defendant's motion under advisement and discharged the jury.

Thereafter defendant North County filed a written motion for judgment notwithstanding the verdict. Plaintiff filed a motion for new trial against both defendants. The trial court sustained both motions. This appeal followed.

■ It is established in this state that where the right to recover is dependent entirely on the doctrine of respondeat superior and there is a finding of no negligence

by the servant there should be no judgment against the master. *Burtrum v. U-Haul Co. of Southern Missouri*, 658 S.W.2d 70 (Mo.App.1983) 1.c. 71–2. When verdicts are returned which inconsistently exonerate the servant and hold the master the proper remedy is to grant the employer a judgment notwithstanding the verdict. Id. [1–3]. This doctrine is not applicable if the liability of the employer may be predicated upon some basis other than the negligence of the exonerated servant. *Id.* That exception is not present here. The doctrine is also inapplicable where there is preserved instructional or other error in the verdict for the employee. *Id.*

■ Plaintiff seeks to invoke this latter exception on two bases. First she contends that the trial court erred in failing to give MAI 2.06 at the time it received the question from the jury. There are several faults with this contention. MAI 2.06 "*may* be given only if the jury attempts to return an inconsistent, incomplete or otherwise erroneous verdict." Notes on Use, MAI 2.06. At the time the question was posed the jury was not attempting to return a verdict, it was asking a question. Plaintiff made no objection to the answer given by the court and made no request for any different answer or instruction. The giving of the instruction is discretionary—it *may* be given. Plaintiff raised no objection to the verdict when it was returned and made no request for the giving of MAI 2.06 at that time.

In *Douglass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986) the court stated:

"We now hold that a claim that a verdict is inconsistent to the point of being self-destructive must be presented to the trial court before the jury is discharged. Otherwise the claim of inconsistency will be held to have been waived. The reason is that, if the point is raised as soon as the verdict is returned, any error is capable of correction by ordering the jury to return for further deliberation. Our holding is in accord with the usual rule that the trial court must be given the opportunity to correct error while correction is still possible."
(At 374.) *See also Romines v. Maggi*, 636 S.W.2d 130 (Mo.App.1982) [1].

Plaintiff here made no request for correction of the verdict before discharge of the jury, even in the face of defendant North County's motion for judgment prior to jury discharge. Plaintiff waived any complaint of inconsistency. There was no instructional error committed.

■ Secondly, plaintiff posits error in the trial court's refusal to allow her to read from defendant Cova's deposition his admissions concerning unspecified felony convictions. Cova did not testify in person and parts of his deposition were read by plaintiff in her case. While the deposition of a party may be used "for any purpose" by an adverse party the portions sought to be used must be admissible under the rules of evidence. Rule 57.07(a). Those portions must be relevant. Plaintiff may not utilize the deposition to impeach the credibility of his own witness, even though that witness is the other party to the suit. *Waller v. Oliver*, 296 S.W.2d 44 (Mo.1956) [4]. The prior felonies were not offered as admissions against interest of Cova relating to the question of his treatment of plaintiff. See *Teachenor v. DePriest*, 600 S.W.2d 122 (Mo.App.1980) [4–7]. Rather, as plaintiff asserts in her brief, they were offered to "support the contention of plaintiff that defendant Cova's judgment was in question when he mis-diagnosed Plaintiff's condition and then wrongfully ordered unnecessary surgery." This is simply an assertion that Cova's felony convictions could be considered by the jury in determining his negligence. Cova's conviction of some unidentified felonies is not relevant to whether he was negligent in treating plaintiff. There was no error in refusing to allow plaintiff to read those parts of Cova's deposition.

Neither of the grounds asserted by plaintiff to support the granting of the new trials involved reversible error. Under the scope of our review plaintiff has failed to meet her burden and we must presume the new trials were granted erroneously.

Defendants filed a motion to strike plaintiff's reply brief. In that brief for the first time plaintiff asserted that the trial court orally stated that it was sustaining the motion for new trial because the verdict was against the weight of the evidence. Such a contention finds no factual support in the record. Further, common fairness precludes us from considering issues raised for the first time in a reply brief to which no response is authorized. Defendant's motion is granted.

The order granting new trials is reversed and the judgments for both defendants are reinstated.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.