**Karl E. BURNETT, Appellant–Respondent,**

v.

**Roger GRIFFITH, East Hills Merchants Association, and Belt Highway Investment Company, Respondents–Appellants.**

**No. 69147.**

Supreme Court of Missouri, En Banc.

Nov. 17, 1987.

---

George A. Barton, Kansas City, Robert B. Randolph, St. Joseph, for respondents-appellants.

Ronald M. Sokol, St. Joseph, for appellant-respondent.

HIGGINS, Justice.

Karl Burnett sued Roger Griffith, a security guard, and Griffith's employers, East Hills Merchants Association and Belt

---

Highway Investment Company, for assault, false imprisonment and malicious prosecution. On the assault count the jury returned a verdict for Burnett and against the three defendants, awarding $1,500 in actual damages. On the false imprisonment and malicious prosecution claims, the jury found in favor of defendant Griffith, but against East Hills and Belt Highway, awarding actual damages of $5,000 and $20,000, respectively, on those counts.

On his appeal to the Missouri Court of Appeals, Western District, Burnett alleges the trial court erred in failing to submit an instruction on punitive damages to the jury. Defendants, Griffith and East Hills also appeal, arguing that they were entitled to a judgment notwithstanding the verdict on all counts. Defendants argue the trial court should have granted their motion for judgment notwithstanding the verdict on Burnett's false imprisonment claim because the verdict was inconsistent in that the jury returned verdicts exonerating Griffith, the employee, but holding against East Hills, the employer.

Defendants assert that the verdicts on the malicious prosecution count also inconsistently exonerated Griffith while holding against East Hills and allege this error entitled them to judgment notwithstanding the verdict. East Hills further argues it was entitled to a judgment notwithstanding the verdict on the malicious prosecution count because it did not encourage, instigate or advance the prosecution of Burnett.

On the assault count, East Hills argues the trial court erred in denying its motion for judgment notwithstanding the verdict because plaintiff failed to establish that East Hills had the right to control Officer Griffith who was allegedly acting in his capacity as a St. Joseph Police Officer when he allegedly assaulted Burnett. Defendants further allege the trial court erred when it denied East Hill's motion for judgment notwithstanding the verdict and Griffith's motion for a directed verdict on the assault count because Griffith followed proper police procedure in using only that force reasonably necessary to effectuate the arrest.

The case was transferred to this Court by the Western District prior to opinion for a determination whether the rule of *Douglass v. Safire,* 712 S.W.2d 373 (Mo. banc 1986), is applicable in the circumstances of this case. The *Douglass* rule requires a party to object to inconsistent verdicts before the jury is discharged, or waive the error. In this case the *Douglass* rule is alleged to be in conflict with *McGinnis v. Chicago, R.I. & P. Ry. Co.,* 200 Mo. 347, 98 S.W. 590 (1906). McGinnis holds that when a claim is submitted on the theory of respondeat superior and the jury returns inconsistent verdicts, exonerating the employee, but holding against the employer, the court must grant the employer judgment notwithstanding the verdict.

A reading of these cases reveals that no conflict exists between them. The *Douglass* rule applies only in cases where the inconsistent verdicts would necessitate a new trial. In this case, a new trial is unnecessary on the false imprisonment count because the *McGinnis* doctrine requires a judgment notwithstanding the verdict on that count. On the malicious prosecution count there is no conflict because the *McGinnis* doctrine does not apply to claims which base liability on a theory other than respondeat superior. Accordingly, this case is retransferred to the court of appeals for resolution of the case consistent with this opinion.

This suit stems from an incident at East Hills Shopping Center in St. Joseph. East Hills is owned by Belt Highway Investments and occupied by members of the East Hills Merchants Association. On July 9, 1983, Burnett and three other men were in the East Hills parking lot near Burnett's automobile outside of the Ground Round, a restaurant Burnett had visited. Griffith drove up on his motorcycle and requested that the group leave the parking lot. At the time of the incident, Griffith was in the private employ and on the payroll of East Hills. Griffith was also a police officer of the City of St. Joseph. He was at least partially attired in his police uniform at the time of the incident. In response to Griffith's request, Burnett said he could not

leave because Griffith's motorcycle was parked behind his car. The affair escalated and ultimately Burnett was arrested, taken to police headquarters and charged with disorderly conduct and willful misuse of premises, both municipal ordinance violations. Burnett was tried on these charges and acquitted.

### I.

East Hills contends the trial court erred in denying East Hills' motion for judgment notwithstanding the verdict on Burnett's claims for false imprisonment. The motion was based on the contention that East Hills as the employer could not be held liable under the theory of respondeat superior when Griffith, the employee, had been exonerated. East Hills cites a number of cases commencing with *McGinnis v. Chicago R.I. & P. Ry. Co.*, 200 Mo. 347, 98 S.W. 590 (1906), and ending with *Moran v. North County Neurosurgery, Inc.*, 714 S.W.2d 231 (Mo.App.1986), all holding that where the cause of action against the employer is based on the doctrine of respondeat superior and the wrongful act of the employee, exoneration of the employee operates to exonerate the employer. *Williams v. Venture Stores, Inc.*, 673 S.W. 2d 480, 482 (Mo.App.1984).

There is no question that the *"McGinnis* Doctrine" is the law in Missouri and that the jury was properly instructed under that doctrine on the false imprisonment claim. Had the instructions been followed and applied they would not permit a verdict on a claim based on the theory of respondeat superior and the wrongful acts of the employee that inconsistently exonerates the employee but holds against the employer. In this situation, the error is normally rectified by entry of judgment in favor of the employer notwithstanding the verdict. *Williams v. Venture Stores, Inc.*, 673 S.W. 2d 480, 482 (Mo.App.1984) (citing *McGinnis*).

Burnett argues that the *McGinnis* rule does not apply because East Hills waived its right to a judgment in its favor by failing to object to the verdict at the time it was returned in open court and cites *Doug-*lass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986). The record confirms that East Hills made no protest about the inconsistent verdicts until the motion for judgment notwithstanding the verdict filed March 4, 1986, two weeks after the court had entered judgment on the verdict. The record also reflects that Burnett failed to object to the inconsistent verdict.

In order to determine if this is a case where the *Douglass* rule applies it is necessary to examine the reasoning supporting and the cases applying that rule. In *Douglass*, claims were made for injuries and property damage arising out of a motorcycle-automobile collision. *Douglass*, a passenger on the motorcycle, sued Safire, the driver of the car. Safire cross-claimed against Richey, the driver of the motorcycle. An apportionment of fault instruction was given the jury for both claims. The verdict for Douglass found Safire 85% at fault and Richey 15% at fault. On Safire's property damage claim, however, the jury returned a verdict for Richey, a finding consistent only with assessment of 100% fault against Safire. There was no objection raised to this inconsistency until Safire's post-trial motion. This Court held:

> [A] claim that a verdict is inconsistent to the point of being self-destructive must be presented to the trial court before the jury is discharged. Otherwise the claim of inconsistency will be held to have been waived. The reason is that, if the point is raised as soon as the verdict is returned, any error is capable of correction by ordering the jury to return for further deliberation. Our holding is in accord with the usual rule that the trial court must be given the opportunity to correct error while correction is still possible.

*Douglass*, 712 S.W.2d at 374.

The *Douglass* rule was applied in circumstances similar to this case in *Moran v. North County Neurosurgery, Inc.*, 714 S.W.2d 231 (Mo.App.1986). In *Moran* plaintiff brought her medical malpractice action against Cova, the physician and Cova's employer, North County Neurosurgery, Inc., on the basis of respondeat superior. The jury returned a verdict in favor

of plaintiff and against North County for $80,000 and against plaintiff in favor of Cova. Before the jury was discharged defendants orally moved for judgment in favor of both defendants asserting that exoneration of the servant exonerates the master. The court took defendants' motion under advisement and discharged the jury. The Missouri Court of Appeals, Eastern District, held that the proper remedy in this situation is to grant the employer a judgment notwithstanding the verdict and cited *Burtrum v. U–Haul Co. of Southern Missouri*, 658 S.W.2d 70, 71–2 (Mo.App.1983). The important point is that the jury was not required to deliberate further because defendants were entitled to a judgment notwithstanding the verdict under the *McGinnis* rule. After the application of the *McGinnis* rule plaintiff was the party aggrieved by the inconsistent verdict and therefore had the obligation to object before the jury was discharged.

In the present case plaintiff asserts that defendants should have objected to the inconsistent verdicts. This assertion misconstrues the case law because *Douglass v. Safire* did not affect the *McGinnis* doctrine in any way. For over 80 years Missouri courts have held that when a claim is based on respondeat superior, exoneration of an employee operates to exonerate the employer. Defendant East Hills had no reason to object in this case because it was entitled to a judgment notwithstanding the verdict under the *McGinnis* rule. East Hills certainly did not want the jury to return for further deliberations in order to arrive at a verdict that would deprive it of the entry of judgment notwithstanding the verdict in its favor.

Burnett was the party aggrieved by the inconsistent verdict and therefore had the obligation to object before the jury was discharged. Burnett waived such objection because it was not made before the jury was discharged. *Douglass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986).

Burnett's proposed application of the *Douglass* rule would result in a no-lose situation for plaintiffs. If East Hills objected, the jury would be asked to deliberate further, thereby depriving East Hills of the judgment notwithstanding the verdict to which they would have been entitled under the *McGinnis* doctrine. If East Hills withheld the objection to the inconsistent verdicts until the post-trial motions, plaintiff would argue that East Hills is not entitled to judgment notwithstanding the verdict under *Douglass* because they failed to object before the jury was discharged. This Court has never indicated that such a result was intended or desirable. *Douglass* applies only to inconsistent verdicts which the jury must correct. In this case the jury does not correct the error; the *McGinnis* doctrine requires the court to correct the error by granting defendant a judgment notwithstanding the verdict. There was no need for a new trial or further deliberation by the jury and no need for defendants to object.

In the present case no injustice results from the application of the *McGinnis* rule. Burnett chose to base his false imprisonment claim solely on the theory of respondeat superior, a theory that imputes the actions of the employee to the employer, 53 Am.Jur.2d, Master & Servant, section 417 (1970). If the employee is exonerated then logically the employer must be exonerated under this theory. Burnett arguably asserted in his petitions that the employers, East Hills, also committed acts on which liability could be predicated. However, when Burnett submitted instructions which referred to the conduct of Griffith alone, he abandoned any other theory of recovery which might have been available to him. *Williams v. Venture Stores, Inc.*, 673 S.W.2d 480, 482 (Mo.App.1984). Burnett's strategy in relying on respondeat superior, his acquiescence in the inconsistent verdicts, and his decision not to pursue alternative strategies created a situation where defendants could invoke the *McGinnis* Doctrine. If Burnett has suffered a loss it is because his strategy failed not because the *McGinnis* rule is unjust.

Burnett claims that the verdicts were not necessarily inconsistent because the jury could determine that his arrest and imprisonment were due to the direct orders of East Hills, and at the same time exonerate

officer Griffith because he was insulated by his status as a police officer. This argument fails because if Griffith was acting in his capacity as a police officer then East Hills is not liable for his actions.

## II.

On Burnett's malicious prosecution claim the jury also returned verdicts exonerating Griffith, the employee, but holding against East Hills, the employer. The malicious prosecution claim, however, was not based solely on the theory of respondeat superior. Where the liability of the employer may be predicated upon a basis of liability other than the conduct of the exonerated employee the *McGinnis* doctrine does not apply. *Moran*, 714 S.W.2d at 233.

Here the petition and the instructions refer to actions of other defendants on which liability may be predicated. Burnett's second amended petition alleges that "the defendants, through the action of defendant Griffith and of the manager of East Hills Shopping Center ... caused false, malicious and untrue allegations of criminal conduct to be brought against plaintiff." Burnett's instructions, patterned after MAI 23.07, instructed the jury it must find for the plaintiff if it believes defendants instigated a judicial proceeding against plaintiff, which terminated in favor of plaintiff, and in so doing acted maliciously, without reasonable grounds. In utilizing the plural "defendants" and submitting a verdict form requiring a verdict for each of the three defendants, the plaintiff submitted the issue of East Hills' tortious conduct, independent of the conduct of Griffith.

The malicious prosecution instructions did not refer to a specific act of Griffith as did the false imprisonment instructions. Instruction # 14 provides that if the jury finds in favor of plaintiff on his claim for false imprisonment to award plaintiff "such sum as would fairly and justly compensate plaintiff for any damages he sustained as a direct result of defendants, or any of them, as submitted in Instruction # 12." The only conduct submitted in Instruction # 12 is that of Griffith. Plaintiff's verdict directing Instruction # 12 requires the jury to hold against defendant if it finds that defendant Griffith intentionally restrained plaintiff against his will. The jury could not find that East Hills acted independently in falsely imprisoning Burnett. East Hills could only be found liable for false imprisonment through the actions of its agent, Roger Griffith.

Unlike the false imprisonment instructions, the malicious prosecution instructions do submit separate tortious conduct on the part of East Hills. Because the malicious prosecution count was not based solely on the theory of respondeat superior, the *McGinnis* doctrine does not apply. *Moran*, 714 S.W.2d at 233. Thus there is no inconsistent verdict which would entitle East Hills to a judgment notwithstanding the verdict on the malicious prosecution count.

The *Douglass* rule is also inapplicable to the malicious prosecution count. The *Douglass* rule applies only in situations where there are inconsistent verdicts which would require a new trial. In this case the verdict could conceivably exonerate Griffith but hold against East Hills because the separate tortious conduct of East Hills was raised in the pleadings and submitted in the instructions. Thus, the verdict is not necessarily inconsistent. The defendants have not alleged that plaintiff failed to raise the issue of East Hills' tortious conduct, separate from that of Griffith. On retransfer, if the court of appeals finds that sufficient evidence exists to find against East Hills on the malicious prosecution count, holding against East Hills but for Griffith would not be in contravention of either the *McGinnis* doctrine or the *Douglass* rule.

This Court retransfers this case to the Missouri Court of Appeals, Western District, for ultimate resolution consistent with this opinion.

BILLINGS, C.J., and BLACKMAR, DONNELLY, WELLIVER and ROBERTSON, JJ., concur.

RENDLEN, J., concurs in result.