Charles F. TESCHNER, et al.,
Plaintiff-Appellant,

v.

PHYSICIANS RADIOLOGY, et al.,
Defendants-Respondents.

No. 54023.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied
Jan. 17, 1989.

David Alan Sosne, Scott Rosenblum,
Clayton, for plaintiff-appellant.

Joel D. Monson, Stuart M. Haw,
Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Judge.

Plaintiff appeals from judgment of trial court in action for wrongful death, personal injury, and loss of consortium. The jury returned verdicts for defendants on the wrongful death and personal injury counts, and a verdict for the wife of deceased on the loss of consortium count. The trial court thereafter entered a judgment notwithstanding the verdict on the loss of consortium claim in favor of defendants. On appeal plaintiff argues that the trial court erred in granting judgment notwithstanding the verdict where defendants failed to object to the inconsistent verdicts before

the jury was discharged. Plaintiff argues in the alternative that the trial court should have granted her motion for new trial. We affirm.

In February 1982 Charles Teschner underwent surgery for removal of a cancerous tumor from the base of his tongue and the adjacent throat area. During the course of the surgery, a tracheotomy was performed and a breathing tube was inserted in the stoma. From March 1982 through May 1982 Mr. Teschner received radiation treatment of his neck, throat and tongue from Dr. Samuel Merenda, an employee of Physicians Radiology, Inc. Radiation treatments were administered to the tumor site, and to the front, left and right sides of Mr. Teschner's neck, but not directly to the stoma area. An ulcer developed at the stoma subsequent to the radiation treatments. In December 1984, cancer reoccurred at the stoma. The cancer spread resulting in Mr. Teschner's death on February 2, 1985.

Following Mr. Teschner's death, plaintiff Mary Teschner, the wife of deceased (hereinafter appellant), filed an action on behalf of herself and Charles Teschner against defendants Dr. Merenda and Physicians Radiology (hereinafter respondents), for personal injuries, wrongful death and loss of consortium resulting from respondents' alleged medical malpractice. After a five day trial the jury returned verdicts for respondents on the wrongful death and personal injury claims. The jury returned a verdict for appellant Mary Teschner on the loss of consortium claim and awarded $28,000. Neither party challenged the verdicts as inconsistent before the jury was discharged. Thereafter appellant filed a motion for new trial alleging that the jury verdicts were inconsistent. Respondents filed a motion for judgment notwithstanding the verdict also based upon the inconsistent jury verdicts. The trial court granted respondents' motion for judgment notwithstanding the verdict and denied appellant's motion for new trial.

On appeal, appellant challenges the trial court's application of the rule set forth in *Douglass v. Safire,* 712 S.W.2d 373, 374 (Mo. banc 1986). Said rule requires a party who challenges a verdict as so inconsistent to the point of being self-destructive to present this claim to the trial court before the jury is discharged. Otherwise his claim of inconsistency is waived. *Id.* Appellant argues that if her claim of inconsistency was waived for purposes of bringing a motion for new trial, the rule operates equally to bar respondents' judgment notwithstanding the verdict. Appellant thus asserts that the jury's loss of consortium verdict should be reinstated.

We find the case of *Burnett v. Griffith,* to be controlling. *Burnett v. Griffith,* 739 S.W.2d 712 (Mo. banc 1987). In *Burnett,* our supreme court clarified several issues arising in the wake of *Douglass.* In *Burnett,* the jury returned a verdict for plaintiff against the defendant shopping center while returning a verdict in favor of the shopping center's employee, also a defendant, on a false imprisonment claim. *Id.* at 713. Plaintiff's claim against the shopping center was based on respondeat superior, thus exoneration of the employee operated to exonerate the employer. *Id.* at 714. The employer, shopping center, was therefore entitled to a judgment notwithstanding the verdict as a matter of law where the jury found in favor of the employee. *Id.* at 715. The *Burnett* court concluded that after the respondeat superior rule operated to entitle defendant shopping center to a judgment notwithstanding the verdict, plaintiffs became the party aggrieved by the inconsistent verdicts and placed the burden on them to object. *Id.*

Similarly, in *O'Brien v. Mobil Oil,* this court upheld the defendant's judgment notwithstanding the verdict where the jury awarded plaintiff punitive damages without finding actual damage. *O'Brien v. Mobil Oil Corp.,* 749 S.W.2d 457, 458 (Mo.App., E.D.1988). The court held that plaintiff waived its objection to the inconsistent verdicts by failing to raise the claim before the jury was discharged. *Id.* The trial court's granting of defendants' motion for judgment notwithstanding the verdict was affirmed.

The *Burnett* court recognized the difficulty in placing the burden of objecting on the party seeking a judgment notwithstanding the verdict:

[Plaintiff's] proposed application of the *Douglass* rule would result in a no-lose situation for plaintiffs. If [defendant] objected, the jury would be asked to deliberate further, thereby depriving [defendant] of the judgment notwithstanding the verdict to which they would have been entitled under the *McGinnis* doctrine. If [defendant] withheld the objection to the inconsistent verdicts until the post-trial motions, plaintiff would argue that [defendant] is not entitled to judgment notwithstanding the verdict under *Douglass* because they failed to object before the jury was discharged. The court has never indicated that such a result was intended or desirable.

*Burnett*, 739 S.W.2d at 715. Appellant's argument of "equal application" of the *Douglass* rule fails in light of *Burnett*.

■ The principle set forth in *Burnett* and *O'Brien* clearly applies to the case at bar. The jury awarded special damages for loss of consortium to appellant without a finding of damage to appellant's deceased husband. Missouri has consistently followed the well-established rule that plaintiff's right to recover for loss of consortium of his spouse is derivative only, so that if the spouse has no valid claim for personal injuries, plaintiff cannot recover special damages flowing therefrom. *Reike v. Brodof*, 501 S.W.2d 66, 67 n. 2 (Mo.App., St.L.D.1973). Thus, after the jury found no damages[1] as to Charles Teschner, respondents were entitled to a judgment as a matter of law on his wife's loss of consortium claim. *Stephen v. Lindell Hospital*, 681 S.W.2d 503, 508 (Mo.App., E.D.1984). After respondents were entitled to a judgment notwithstanding the verdict, appellant became the party aggrieved by the inconsistent verdicts and carried the burden of objecting. *Burnett*, 739 S.W.2d at 715. The trial court was correct in granting

respondents' motion for judgment notwithstanding the verdict. Point denied.

■ Appellant next argues, in the alternative, that the trial court erred in overruling her motion for new trial. Appellant asserts that *Douglass* is inapplicable or should be applied in such a way to require a new trial. Appellant also points to the fact that the Missouri Approved Instructions do not explicitly require the jury to return a verdict in favor of the husband on his personal injury claim before loss of consortium damages can be awarded to his wife. Appellant asserts that lack of such a specific direction, inconsistent verdicts would not be apparent to the jury.

We fail to see how *Douglass* could be construed so as to permit the result sought by appellant. As noted above *Douglass* no longer allows a party to seek a new trial based upon inconsistent verdicts without having first objected to the verdicts before the jury is discharged. *Douglass*, 712 S.W. 2d at 374. Thus the trial court correctly denied appellant's motion for new trial.

■ Appellant's argument based upon the alleged inadequacy of the Missouri Approved Instructions is equally without merit for appellant failed to object to the instructions or preserve the alleged error in her motion for new trial. *Bower v. Hog Builders, Inc.*, 461 S.W.2d 784, 797 (Mo. 1970). Further, the instructions are not necessarily flawed simply because this jury rendered inconsistent verdicts. Instruction number twelve (MAI 21.01 and 31.04) clearly required the jury to find injury to Charles Teschner in order to award damages for loss of consortium to Mary Teschner. Both the personal injury and loss of consortium claims required a common determination; injury to Charles Teschner. Having already found no injury to Charles Teschner on the personal injury claim, it is logical to assume that the jury would follow its previous finding on the loss of consortium count. We see no need to change the current MAI.

**1.** Damages must be proven in order to establish a claim of negligence. Prosser & Keeton, *Torts*, § 30 at 165. Thus, without a finding of damages as to Charles Teschner, appellant failed to prove a valid claim of personal injury.

Finally, appellant argues that the result in this case is unfair because it is one of first impression. We do not believe that the application of a recent procedural rule to a set of facts heretofore not addressed does not require an exemption from the rule resulting in a new trial. Appellant's second point is also denied.

Finding appellants arguments to be with- out merit, we affirm.

KAROHL and GRIMM, JJ., concur.