801 F.Supp. 280 (1992)
CONTICO INTERNATIONAL, Plaintiff,
v.
RUBBERMAID INCORPORATED and Rubbermaid Commercial Products, Inc., Defendants.
No. 91-1852C(6).
United States District Court, E.D. Missouri, E.D.
August 20, 1992.
*281 Michael H. Wetmore and Alan E. Popkin, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, St. Louis, Mo., for plaintiff.
George E. Leonard, Shughart Thomson & Kilroy, Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on the motion of defendants Rubbermaid, Inc., and Rubbermaid Commercial Products, Inc. (Rubbermaid) for summary judgment on three counts of plaintiff Contico International, Inc.'s amended complaint. Also before the Court is Contico's motion to dismiss one count of Rubbermaid's amended counterclaim.
Contico and Rubbermaid both manufacture, distribute and sell molded plastic products. Contico alleges in its amended complaint that Rubbermaid has engaged in several anticompetitive practices in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2. Specifically, Contico alleges that Rubbermaid used its buying power in the plastic resin (a product essential for the manufacture of molded plastic) market to induce suppliers to offer Rubbermaid more favorable terms than other manufacturers of molded plastic, instituted frivolous patent infringement suits against Contico and threatened suit regarding certain agreements between Contico and Rubbermaid and controlled shelf space in retail chain stores. Count I claims attempted monopolization, Count II, wilful monopolization and Count III, conspiracy (with the resin suppliers) to restrain trade.
The complaint defines the relevant product market as those "entities that manufacture, distribute and sell molded plastic products including sanitary maintenance products for industrial and commercial use and hardware products, such as tool boxes *282 and storage containers." The relevant geographic market is defined as the continental United States. In each of these three counts, Contico seeks $5,000,000 in damages trebled pursuant to 15 U.S.C. § 15.[1]
Rubbermaid counterclaims for abuse of process (Count I) and malicious prosecution (Count II) alleging that Contico filed this suit to intimidate Rubbermaid into dismissing a patent infringement suit it brought against Contico in another federal district court. Rubbermaid seeks $50,000 in actual and $1,000,000 in punitive damages.
For summary judgment on Counts I, II and III of Contico's complaint, Rubbermaid argues that Contico has not met its burden of establishing the relevant product market. To establish a case of attempted or actual monopolization in violation of section 2 of the Sherman Anti-Trust Act, a plaintiff must show that the defendant possesses monopoly power or "sufficient power to come dangerously close to achieving monopoly power." General Indus. Corp. v. Hartz Mountain Corp., 810 F.2d 795, 804 (8th Cir.1987). The market relevant to the case must be defined in terms of geography and product, "for without definition of that market there is no way to measure [the defendant's] ability to lessen or destroy competition." Id. A restraint-of-trade claim under section 1 of the Act also requires the definition of the relevant market. Here there is no dispute as to the relevant geographic market.
Determination of a relevant product market is generally a fact question for which the burden of proof rests on the plaintiff. Id. Thus, summary judgment would be appropriate only if Contico failed to present an issue of fact for the jury on this matter. Midwest Radio Co. v. Forum Publishing Co., 942 F.2d 1294, 1297 (8th Cir.1991).
In answer to interrogatories, Contico identifies the products it contends are within the relevant market as those products listed in Contico's 1991 "Sanitary Maintenance Equipment & Supplies" catalogue not marked by an asterisk, and all items listed in "Contico Catalog 1991-92." The relevant items in the first catalogue include recycling and refuse receptacles, wastebaskets, mop buckets, mops, janitorial carts and shopping baskets. The items in the second catalogue include tool boxes and organizers, carts and stackable bins for various supplies and toys, buckets and baskets, shelf units, recycling bins, sprayers for home use in lawn and garden care, hose reels, storage boxes for pickup trucks and luggage top carriers. Rubbermaid argues that these products are too diverse to constitute a product market.
"Defining a relevant product market is primarily a process of describing those groups of producers which, because of the similarity of their products, have the ability  actual or potential  to take significant amounts of business away from each other." General Indus. Corp. v. Hartz Mountain Corp., 810 F.2d at 805. The Supreme Court has promulgated two related tests for determining whether particular products compete with each other. These tests are reasonable interchangeability and cross-elasticity of demand. United States v. E.I. du Pont de Nemours & Co., 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264 (1956).
In General Industries Corp. v. Hartz Mountain Corp., upon which Contico relies, the Eighth Circuit held that a product market may be composed of many noninterchangeable items  when these items are linked together by use. The court concluded that the jury was reasonable in finding that pet supplies, a category which included products which differed significantly from each other, constituted a single product market because all items are "used by the same customers  pet owners  and are capable of distribution through the same channels." 810 F.2d at 805.
In White & White, Inc. v. American Hospital Supply Corp., 540 F.Supp. 951, 983-85 (W.D.Mich.1982), cited with approval *283 in General Industries Corp., the court concluded that medical-surgical supplies, a category composed of hundreds of noninterchangeable commodities, was a single product submarket because the goods were linked through a "single use" as evidenced by industry recognition of such a category and the existence of specialized vendors, distinctive marketing practices and special groups within hospitals which used medical-surgical supplies.
The products listed by Contico, however, are not linked by use. Rather, their only link is the material out of which they are made. The Court concludes that as a matter of law the products identified by Contico do not constitute a relevant product market. In the face of a summary judgment motion challenging its definition of the relevant product market, Contico has not offered any alternative product market delineation. Because Contico has not established a question of fact for the jury on this matter, Rubbermaid is entitled to summary judgement on Contico's three antitrust claims. See United States v. Archer-Daniels-Midland Co., 866 F.2d 242, 245 (8th Cir.1988) ("[s]ummary judgment is mandated in antitrust case where plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").
Contico correctly argues that Rubbermaid's counterclaim for malicious prosecution fails to state a claim because an element of such a claim under Missouri law is the termination of this suit in Rubbermaid's favor. See Turman v. Schneider Bailey, Inc., 768 S.W.2d 108, 112 (Mo.Ct. App.1988).
Accordingly,
IT IS HEREBY ORDERED that Rubbermaid's motion for summary judgment on Counts I, II and III of Contico's amended complaint is granted.
IT IS FURTHER ORDERED that Contico's motion to dismiss Count II of Rubbermaid's amended counterclaim is granted.
IT IS FURTHER ORDERED that Contico's motion to dismiss Count II of Rubbermaid's original counterclaim is denied as moot.
NOTES
[1] Count IV claims price discrimination in violation of the Robinson-Patman Act. Counts V and VI do not set forth separate claims but rather seek injunctive and declaratory relief, respectively, for the antitrust violations claimed in Counts I-IV.