**EDNA ENTERPRISES, INC.,**
**Appellant/Cross–**
**Respondent,**

v.

**SPIRCO ENVIRONMENTAL, INC.,**
**Respondent/Cross–Appellant.**

Nos. 61647, 61648.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 11, 1993.

Michael E. Wilson, St. Louis, for appellant.

Theodore M. Tahan, Sr., St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Plaintiff and defendant both appeal from the judgment entered upon a jury verdict in the Circuit Court of St. Louis County. Plaintiff appeals from the jury's finding in favor of defendant on the "money lent" claim. Defendant appeals from the jury finding in favor of plaintiff on a "quantum meruit" claim for $75,250 in damages. We affirm.

Defendant, Spirco Environmental, Inc., (Spirco), is engaged in the business of asbestos abatement or removal. It became interested in an asbestos abatement project for the May Design & Construction Co., (May Co.), at the Foley's Department Store in Irving, Texas. Before bidding on this project, Spirco consulted Gerald Winter, an experienced expert in the field of asbestos removal whom Spirco had previously engaged as a subcontractor on a St. Louis County Hospital project. After examining the site, Winter and Spirco entered into an oral agreement under which Winter was to be a subcontractor responsible for managing the work and furnishing financing, labor, materials, and expertise on the Foley project. Spirco was to be the general contractor responsible for obtaining necessary licenses and handling the paperwork, payroll, union dues, and taxes. Winter was to be paid $1,000,000, consisting of $750,000 anticipated costs and $250,000 profit. Spirco, projecting its expenses at $300,000 and anticipating a $100,000 profit for itself, submitted a bid of $1,400,000. May Co. accepted this bid and in late December, 1988 awarded the contract to Spirco. On January 4, 1989, Winter entered into a written joint-venture agreement with plaintiff, Edna Enterprises, Inc., (Edna), a construc-

tion management company. This agreement provided for Edna to furnish original financing of $150,000 for the Foley project. The agreement contemplated further cost to be paid from progress payments received from May Co. If additional funds were required they were to be furnished by Winter. The agreement provided for money advanced by Edna or Winter to be repaid from progress payments in excess of project needs and recognized that the venture financing was at risk. The agreement was signed by Winter as an individual and did not purport to bind Spirco.

Spirco's initial expenses on the project were paid by a check issued by Edna and payable to Spirco in the amount of $6,737.80. Thereafter, Spirco established a bank account in Texas and Edna opened an account at Commerce Bank of St. Charles under the name Edna Enterprises, Inc., Joint–Venture Account. Thereafter, all Edna advances were deposited in the joint-venture account and wire transferred to Spirco's Texas bank account. Six such deposits and wire transfers were made totalling $253,939.89. At the direction of Winter, Spirco sent one check to Edna in early February, 1989 in the sum of $54,924.32. The record is silent regarding what additional amounts Spirco was paid by May Co.

From the beginning the Foley project was beset with problems and the work fell behind schedule. Additional manpower was required and Winter obtained additional labor from other contractors. In March, 1989 Winter was no longer working on the project. Eventually, Spirco sued May Co. Some payment was made to Spirco in settlement of this suit but the record is uncertain regarding the amount. Spirco was required to pay an undisclosed amount of this settlement to companies Winter had contracted with for additional labor.

In August, 1989 Winter and Edna executed an agreement terminating the joint-venture. Pursuant to the August agreement, Winter paid Edna $24,000 and promised to pay six monthly payments of $24,843 each. None of these six payments was ever made. In September, 1989 Edna filed this

suit against Spirco in three counts. Count I alleged that on January 7, 1989 the parties entered into a contract for Edna to furnish financing and service to Spirco, that Edna performed its obligations under the contract but Spirco refused to pay the $291,330.38 allegedly owed. Count II prayed for $97,562.51 as payment for services and equipment furnished to Spirco by Edna under a quantum meruit theory. Count III incorporated the allegations of Count I regarding the January 7, 1989 contract and sought recovery of $217,779.73 allegedly advanced by Edna to Spirco as financing of labor costs on the project. Edna also filed suit in St. Charles County Circuit Court against Winter. That suit, the allegations of which are not before us, was settled one week before the trial of this case commenced. As a part of the settlement Winter assigned whatever rights he had against Spirco to Edna and Edna agreed to pay Winter twenty percent of whatever it recovered against Spirco.

At trial, Edna attempted to establish that Winter was acting as an agent for Spirco. The trial court ruled the evidence was insufficient to establish agency and no theory of contract liability between Edna and Spirco was submitted to the jury. The case was submitted under two packages of instructions and verdict forms. Not in MAI Instruction No. 7 directed the jury to find for Edna on its claim for "money lent" if it believed Edna furnished money to Spirco or for the benefit of Spirco and that Edna intended the money to be repaid. On this claim the jury found in favor of Spirco. Instruction No. 10, based on MAI 26.05, directed the jury to find for Edna on its claim for services and items furnished if it believed that Edna furnished various services and equipment to Spirco and that Spirco accepted them. On this claim the jury found in favor of Edna and awarded damages in the amount of $75,250.

## EDNA'S APPEAL

■ In its first point on appeal, Edna asserts the verdict for Spirco on the claim for "money lent" is inconsistent with the verdict for Edna on the claim for services rendered. Therefore, Edna argues, the trial court should have sustained its post-trial motion for judgment not-withstanding the verdict. We disagree.

Whether the verdicts are in fact inconsistent is highly questionable. Spirco dealt directly with Edna regarding the acceptance of services but only pursuant to its contract with Winter regarding the advancement of funds for financing labor costs. We need not decide that issue because assuming the existence of inconsistency in the verdicts, it has been waived. Edna stood by and permitted the trial court to accept the verdicts and to discharge the jury. By failing to object until after the jury was dismissed, when it was too late to remedy any possible inconsistency, the parties have waived any right to challenge the entry of judgment based upon the verdicts. *Douglass v. Safire*, 712 S.W.2d 373, 374 (Mo. banc 1986).

Edna's reliance on such cases as *Bank of Kirksville v. Small*, 742 S.W.2d 127 (Mo. banc 1987), *Burnett v. Griffith*, 739 S.W.2d 712 (Mo. banc 1987), and *Teschner v. Physicians Radiology*, 761 S.W.2d 665 (Mo. App.1988), is misplaced. These cases involved verdicts which were not merely inconsistent, they were illegal. In *Bank of Kirksville*, the trial court properly directed the jury to find in favor of the plaintiff, but the jury returned a verdict in favor of the defendant. In *Burnett*, an action against master and servant based only upon respondeat superior, a finding of no fault against the servant by operation of law precluded a verdict against the master. In *Teschner*, a jury verdict finding no damages sustained by a husband destroyed the wife's derivative consortium claim. Edna's first point is denied.

■ Next Edna contends that the adverse verdict upon its claim for "money lent" is not supported by the evidence, represents manifest injustice and is a gross miscarriage of justice. This claim was submitted to the jury under a Not in MAI instruction, offered by Edna, in the following form:

*Instruction No. 7*

Your verdict must be for plaintiff on plaintiff's claim for money lent if you believe:

First, plaintiff furnished money to defendant or for the benefit of defendant, and

Second, plaintiff intended that the money so furnished be repaid by defendant.[1]

The contract between Edna and Winter which gave rise to Edna's financing of Spirco's labor cost, introduced in evidence as a part of Edna's case, provided for the joint-venture to be repaid from money advanced from progress payments received by Spirco from May Co. The record shows Spirco's labor costs to be in excess of $500,000. The record does not disclose what sums may have been paid to Spirco by May Co. Thus, the jury could have found that Edna had no right to expect repayment of the $205,763 balance of the advanced financing. The contract noted that the money advanced was at risk. The jury could also have concluded the money was advanced by Edna to its joint-venture with Winter, that Winter had failed to fulfill his contract obligations with Spirco and that Edna should therefore look to Winter for reimbursement. We are not able to say that there is a complete absence of probative facts to support the verdict. *See, Steif v. Limpiphiphatn,* 814 S.W.2d 695, 697 (Mo. App.1991). Point denied.

■ Finally, Edna claims trial court error in refusing to submit to the jury its claim that Winter was an agent of Spirco. Edna concedes that it failed to plead such agency in its petition. However, it claims that evidence introduced without objection established the agency relationship therefore causing the pleadings to be automatically amended under Rule 55.33(b). The evidence introduced without objection was admissible because of its relevance to other issues such as the relationship between Edna and Winter, Winter's qualifications and experience in the field of asbestos abatement, and Winter's prior relationship with Spirco. The implied consent rule applies only where the evidence presented bears solely upon the unpleaded issue and not upon issues already in the case. *Associate Engineering Co. v. Webbe,* 795 S.W.2d 606, 610 (Mo.App.1990).

■ Moreover, whether objected to or not, the evidence Edna claims establishes an agency relationship between Winter and Spirco is not sufficient to accomplish that purpose. The fact that the joint-venture agreement drafted by Edna's attorneys refers to Winter as a Spirco employee is certainly not binding upon Spirco, a non-party to the agreement. Both Winter and Spirco denied such employment or that Winter was ever authorized to act as an agent on behalf of Spirco. The fact that Winter handed out business cards furnished to him by Spirco when he was a subcontractor on the St. Louis County Hospital project, and which contained his name and the Spirco logo but no title or designation of relationship, falls short of action by a principal creating an apparent authority empowering an agent to bind the principal to any contract or specific action. Furthermore, the fact that Edna repeatedly attempted to obtain a written contract from Spirco belies any contention that it relied upon Winter's apparent authority.

We find no merit to any of the points relied upon by Edna in its appeal.

## SPIRCO'S APPEAL

■ The sole point asserted by Spirco in its appeal from the judgment in favor of Edna on its quantum meruit claim is that the evidence is insufficient to support the verdict. In support of this contention Spirco first argues that although it does not dispute that Edna furnished payroll services, computer equipment, a fax machine, secretarial assistance and scheduling services to the project, Edna failed to prove that this was requested by Spirco. Quantum meruit is based upon a promise implied

---

1. On appeal there is no objection to the form of this instruction or that it purports to submit a claim pleaded in Edna's petition as a claim

based upon a breach of contract between Edna and Spirco.

by law that a person will pay a reasonable and just compensation for valuable services or materials provided at the person's request or with his approval or acquiescence. *Chase Electric Co. v. Acme Battery Mfg. Co.*, 798 S.W.2d 204, 209 (Mo.App.1990); *Westerhold v. Mullenix Corp.*, 777 S.W.2d 257, 263 (Mo.App.1989). Thus, evidence of a request by Spirco is not an essential element of Edna's claim.

■ We view the evidence in the light most favorable to the jury verdict and give the prevailing party the benefit of all reasonable inferences. *McPherson v. David*, 805 S.W.2d 260, 263 (Mo.App.1991). Viewed in this light, despite Spirco's argument that the services and equipment were furnished by Edna to Winter, there is ample evidence to support the jury's finding that they were furnished to and accepted by Spirco. Spirco was the general contractor and the work on the project was conducted by Spirco employees. Payroll services, scheduling, issuance of payroll checks, payment of FICA and payroll related expenses were all of benefit to and accepted by Spirco. Determination of the reasonable value of the services and materials furnished was for the jury and its decision will not be disturbed on appeal.

■ There is no evidence to support Spirco's argument that the $54,924.32 payment made to Edna in early February, 1989 constituted an accord and satisfaction of the quantum meruit claim. The evidence unequivocally established this payment was made for the purpose of reimbursement for financing of labor costs and was properly credited by Edna against the advancement of financing for this purpose.

The judgment of the trial court is affirmed in all respects.

KAROHL, C.J., and CRAHAN, J., concur.