**MISSOURI DENTAL BOARD, Appellant,**

v.

**Marvin E. COHEN, D.D.S., Respondent.**

**No. WD 46999.**

Missouri Court of Appeals,
Western District.

Dec. 21, 1993.

Nanci R. Wisdom, Thurman, Howald, Weber, Bowles & Senkel, Hillsboro, for appellant.

John S. Sandberg, Stephen M. Strum, Sandberg, Phoenix & Von Gontard, P.C., St. Louis, for respondent.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This appeal centers on pleadings before the Administrative Hearing Commission to discipline a dental license and, whether under Rule 55.33(b), the evidence introduced could sustain a discipline despite a lack of specificity in the complaint.

The appellant here, the Missouri Dental Board (Board), filed a complaint seeking to discipline the dental license of Dr. Marvin E. Cohen, under § 332.321.2, RSMo.1986. As relevant to this appeal, the Administrative Hearing Commission (Commission) found no probable cause for discipline on count one, the subject of the Board's appeal; the Commission dismissed the second count; and, found for Cohen on the third count. The Board sought review only on Count One concerning a dental procedure on Alice Beitch (Beitch). The circuit court affirmed.

The facts on count one concern an elective dental procedure performed on Beitch. She contacted Dr. Cohen with the thought of having dental implants replace her upper dentures since they were causing problems. Because of severe upper jaw bone loss and inflamed gums, Cohen considered her a marginal risk for implants. Cohen planned to place five upper implants. He cut tissue away from the gums and installed three of the implants—one over an impacted wisdom tooth. The final two implants in the front of her mouth posed greater problems—the bone was too thin to hold the implants. Because the bone was so atrophied, those implants had to be halted.

Cohen consulted an oral surgeon who suggested, in substance, hydroxyapatite could be used to thicken the bone. This procedure was completed and, against Cohen's advice, Beitch continued to wear her dentures next to this graft. After the implants were installed and the inserts were placed into the implants by Cohen, the implants loosened. Both of the front implants became particular problems—one eventually penetrated the patient's nasal cavity. Cohen attempted to remedy the situation; however, three weeks later, the implants penetrated the nasal cavity again. That implant was removed. Extensive bridgework was commenced on Beitch's lower teeth which had numerous problems because of decay. The total cost of Cohen's work on Beitch was $10,000. Beitch spent an additional $7,000–$10,000 removing much of Cohen's work.

The Dental Board, in its complaint, alleged the respondent was subject to discipline, in pertinent part, because of § 332.321.2,

(5) Incompetency, misconduct, gross negligence, fraud, misrepresentation or dishonesty in the performance of, or relating to one's ability to perform, the functions or duties of any professional licensed or regulated by this chapter ...

(13) Violation of any professional trust or confidence.

The above allegations, standing alone, are insufficient to allow preparation of a viable defense. *Duncan v. Missouri Bd. for Architects, Professional Engineers & Surveyors,* 744 S.W.2d 524, 529 (Mo.App.1988). At minimum, due process requires that there be "greater specificity in setting forth the course of conduct deemed to establish the statutory ground for discipline." *Id.*

In the present case, Count I of the Board's complaint set forth the general statutory grounds for discipline of incompetency, misconduct, etc., without setting forth specific allegations regarding the type of conduct in which Cohen purportedly engaged which would demonstrate the alleged misconduct, negligence, etc., for which he now appeals.

In its Findings of Fact and Conclusions of Law, the Commission noted that, albeit it was not concluding that Cohen acted properly, it was precluded from consideration of violations which were never charged by the Board. The Commission found the Board had failed to raise initially by complaint, or by amendment through introduction of evidence, the following additional charges against Cohen:

(1) Improperly performing oral surgery without first determining whether surgery was indicated;

(2) Failing to properly respond to the first occurrence of nasal penetration;

(3) Acting improperly in selecting Appellant/Beitch as an implant candidate.

In its decision, the Commission relied, in part, on 1 C.S.R. 15–2.040(2)(B)2 and 3 (rescinded February 6, 1992), which required any complaint filed by a licensing authority must set forth, in pertinent part, the following:

(B) [T]he specific act(s) of misconduct made against a licensee. The complaint, among other things, shall specify the following:

... (2) The statutes or regulations which the petitioner believes have been violated by the respondent; and

(3) Sufficient facts to adequately apprise respondent of the charges being made against him/her in order that s/he may properly defend him/herself at the hearing.

Here, the record indicates at the close of the hearing, the Board made an "oral motion to the Petitioner's Complaint to the evidence" (although appellant refers to it as a "motion to conform the pleadings to the evidence" in its brief) which was not objected to and was granted by the Commission. The Board contends because the respondent did not object to the motion, any evidence presented which was beyond the scope of the pleading, amended the pleadings to conform to the evidence; thus, the three additional charges indicated in the Commission's decision were tried by implied consent pursuant to Rule 55.33(b).

As noted earlier, the complaint went to trial on three counts, the other two counts which were not appealed were on other patients. Much of the expert evidence introduced bears on instruments used in general, and not as to any specific patient, such as Mrs. Beitch.

This issue was addressed by the Eastern District in *Duncan v. Missouri Bd. for Architects,* 744 S.W.2d 524 (Mo.App.1988). In *Duncan,* the court found exception to the Commission's finding that the appellant was guilty of misconduct for failing to perform a required review of an atrium design for a building. The court noted that notwithstanding that the Commission's finding was fully supported by the evidence, such misconduct was not alleged in either of the two complaints filed. *Id.* at 539. In reversing the Commission's finding of misconduct, the court concluded that it could not "assume such a charge was tried by consent" or that the evidence presented was admitted "for the purpose of establishing a separate unpleaded ground for discipline." *Id.*

■ This court finds the ruling in *Duncan* persuasive. Applying the court's rationale in *Duncan* to the present case, this court reaches a similar result. Here, the three additional charges referred to in the Commission's report were not alleged in the Board's complaint. "Procedural due process requires that the complaint specify the exact basis for any disciplinary action." *Sander v. Missouri Real Estate Com'n,* 710 S.W.2d 896, 901 (Mo. App.1986). "The particularity of the complaint must be sufficient to enable the licensee to know the charges he must meet and to prepare his defense thereto." *Id.* In the instant case, this court is not convinced that Cohen was able to know about the unpleaded charges or adequately prepare a defense for such charges. Moreover, it cannot be assumed that the admission of the evidence, even after the pleadings were "conformed," was for the purpose of establishing the three additional unpleaded grounds for discipline. As such, this court cannot conclude that the additional charges were tried by implied consent.

■ The Board's pleadings did not satisfy the then requirements of specificity as to facts under the regulation. 1 C.S.R. 15–2.040(2)(B)2 and 3 (since repealed). Implied consent cannot be found where, as here, the evidence which was not objected to was relevant and admissible to other issues in the case. *Edna Entrs., Inc. v. Spirco Envtl., Inc.,* 853 S.W.2d 388, 392 (Mo.App.1993). "The implied consent rule applies only where the evidence presented bears solely on the unpleaded issue and not upon issues already in the case." *Id.* (Quoting from *Associate*

*Engineering v. Webbe,* 795 S.W.2d 606, 610 (Mo.App.1990.))

The case being improperly pleaded and not amended to conform to the evidence, the Commission's conclusion was correct.

The judgment is affirmed.

All concur.