STATE of Missouri ex rel. Robert
MOHART, Relator,

v.

Honorable Anthony J. ROMANO,
Respondent.

No. WD 51065.

Missouri Court of Appeals,
Western District.

May 21, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 2, 1996.

Kathleen A. Hauser, City Atty., Walter J.
O'Toole, Asst. City Atty., Kansas City, for
relator.

William H. Sanders, Sr., Scott Martin
Blackwell Sanders Matheny Weary & Lom-
bardi, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and
LOWENSTEIN and ELLIS, JJ.

## ORIGINAL PROCEEDING
## IN PROHIBITION

BRECKENRIDGE, Presiding Judge.

Relator Robert Mohart filed a petition in
prohibition to prevent respondent, the Hon-
orable Anthony J. Romano, Associate Circuit
Judge of Jackson County, from executing an
order of criminal contempt which was issued
against him. Mr. Mohart contends that

Judge Romano erred by finding him to be in criminal contempt for violating orders which were beyond the jurisdiction of the court which issued them, since Mr. Mohart could not be held in contempt for violating void orders. Mr. Mohart also contends that the underlying orders were issued in violation of the separation of powers doctrine, and that the order of criminal contempt was erroneous because there was no evidence of willfulness or contumacy on his part. This court issued a preliminary order in prohibition, and such order is now made absolute.

This petition arises from prior judicial proceedings involving the early release of prisoners from Kansas City, Missouri's Municipal Correctional Institution ("M.C.I."). These prisoners included David Duly, who, on January 20, 1992, was charged with violating a municipal ordinance which prohibited driving while under the influence of intoxicating liquor. Mr. Duly was found guilty in municipal court and appealed his conviction to the circuit court. Mr. Duly then pleaded guilty to the DUI charge and was placed on probation. Judge Romano, who was the sentencing judge in Mr. Duly's case, eventually revoked Mr. Duly's probation and ordered Mr. Duly to serve 180 days at M.C.I. Mr. Duly entered M.C.I. on September 22, 1993.

Fifty-three days later, on November 13, 1993, Mr. Duly was unconditionally paroled by Mr. Mohart, who was the acting director of the city's neighborhood and community services department, and by Mr. Theodore Heflin, who was the acting superintendent of M.C.I. Mr. Duly's early release was explained as part of an ongoing effort to alleviate overcrowding at M.C.I. On November 19, 1993, Judge Romano issued orders to Mr. Mohart and to Mr. Heflin "to show cause why your order for the 'early release' of Defendant, David Duly, on November 13, 1993, was a lawful, proper order; and was not contrary to the City Ordinance of Kansas City, Section 23.11, and administrative procedures prescribed in connection thereto."

Mr. Mohart and Mr. Heflin were the only witnesses to testify at the show cause hearing, which was held on November 29, 1993. In part, their testimony concerned the issue of whether their early release of Mr. Duly

was consistent with municipal ordinance § 23.11(c), which provides that

> in the event of overcrowding at the institution, the director may unconditionally release from custody unsentenced or sentenced prisoners nearing the end of their sentence who have behaved meritoriously and had no significant problem while incarcerated. In addition, the director may allow early release of prisoners who have served at least one-third of their sentence and who have meritoriously participated in a program established to encourage good behavior and to facilitate such early releases. Any such program shall pinpoint prisoners who, through initiative, hard work and participation in self-improvement programs, have earned such consideration. A detailed administrative procedure shall be established to implement any such program.

At the hearing, the examination of witnesses was conducted by Judge Romano. The hearing testimony established that Mr. Duly did not qualify for early release under § 23.11(c) because he was not nearing the end of his sentence, he had not served at least one-third of his sentence, and he had not participated in a qualifying self-improvement program. The hearing testimony also established that, when Mr. Duly was considered for early release, it was not known that he had multiple prior convictions for DUI offenses because there was no review of his background.

In addition, Mr. Heflin testified that, in considering Mr. Duly for early release, he took into account the fact that a candidate for early release would also be a candidate for time off for good behavior pursuant to municipal ordinance § 23.9, which provides:

> Any person who is now, or may hereafter be, confined in the municipal correctional institution, who shall serve two-thirds of the time imposed by fine or sentence, and shall have conducted himself in an orderly and peaceable manner without any infraction of the rules of the department governing the institution, shall be discharged in the same manner as if such prisoner had served the full time imposed by fine or sentence, or both.

According to Mr. Heflin, he considered Mr. Duly for early release based upon the fact that Mr. Duly had served more than one-third of 120 days, which was his time until release based upon good behavior, as opposed to one-third of 180 days, which was his time until release based upon his original sentence.

The November 29, 1993 show cause hearing resulted in a ruling, issued by Judge Romano on December 3, 1993, that Mr. Duly's release was improper and unlawful. In addition, Judge Romano noted in his December 3, 1993 ruling that the hearing testimony of Mr. Mohart and Mr. Heflin "raised questions before this Court regarding the policies that have been currently used in handling the early release due to overcrowding at the M.C.I. institution." Consequently, Judge Romano's December 3, 1993 ruling contained the following additional orders:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that those prisoners sentenced to Municipal Correctional Institution from the Circuit Court will be excluded from the early/emergency release consideration.

That no prisoner sentenced to M.C.I. by the Circuit Court shall be released except upon satisfaction of his sentence, good time to be considered if applicable in accordance with the Section 23.9.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that inmates coming into M.C.I. shall have their out dates based on the sentence given by the Court, and not taking into consideration possible good time which may or may not apply in the future.

The Director/Superintendent shall follow the City Ordinance 23.9 in determining good time.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Director/Superintendent shall make a background check on all persons considered for early release prior to their release and use that information as a consideration in granting the prisoner's release. This will be especially true of those prisoners incarcerated for alcohol related offenses.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Director/Superintendent will include all prerequisites set forth in City Ordinance 23.11(c) when determining guidelines and criteria for persons eligible for early release program. That directive should include a statement that those prisoners who do not meet *all* such prerequisites shall *not* be considered for early release.

On December 13, 1993, Mr. Mohart sent a memo to Mr. Heflin directing M.C.I. to comply with the orders contained in Judge Romano's December 3, 1993 ruling. On December 14, 1993, Judge Romano set aside the order of early release and ordered Mr. Duly to return to M.C.I. to serve the previously imposed sentence of 180 days, minus the 53 days already served.

On December 17, 1993, Mr. Duly filed a petition for writ of habeas corpus claiming that his release from M.C.I. was authorized by municipal ordinance. This court rejected his claim because the ordinances upon which Mr. Duly relied to support it were not a part of the record, and it was Mr. Duly's burden to support his position under the record. *Duly v. Heflin,* 873 S.W.2d 932, 935–36 (Mo. App.1994).

In early 1995, Judge Romano apparently had information which indicated that M.C.I. was not complying with the early release guidelines set out in his orders of December 3, 1993. On February 9, 1995, Judge Romano issued orders to Mr. Mohart and to Mr. Heflin to show cause why Judge Romano should not find them in contempt for failure to comply with his orders of December 3, 1993, and for failure to comply with the municipal ordinances governing the early release of prisoners incarcerated at M.C.I.

A show cause hearing was held, after which Judge Romano found both Mr. Mohart and Mr. Heflin to be in indirect criminal contempt for showing a "willful disobedience" of Judge Romano's December 3, 1993 orders that prisoners sentenced to M.C.I. from the Circuit Court be excluded from the early release process; that prisoners coming into M.C.I. have an out date based upon their sentence, not upon an advance calculation of time off for good behavior; and that back-

ground checks be conducted concerning all persons considered for early release.

In his order finding Mr. Mohart to be in indirect criminal contempt, Judge Romano determined his punishment to be a $500.00 fine. Mr. Mohart then filed a petition for writ of prohibition, and this court issued a preliminary order in prohibition directing Judge Romano to refrain from executing upon his judgment of criminal contempt against Mr. Mohart.

Mr. Mohart now contends that the preliminary order should be made absolute. He argues that Judge Romano's December 3, 1993 orders, which dictated early release guidelines to be applied to M.C.I.'s entire inmate population, were beyond the scope of the issues raised by the prior pleadings. Therefore, Mr. Mohart claims, the December 3, 1993 orders were void because they were beyond Judge Romano's jurisdiction, and Mr. Mohart could not be held in contempt for violating void orders.

"It is the established rule in this state that judgments must be responsive to the issues raised by the pleadings, and that the relief to be awarded by the judgment is limited to that sought by the pleadings; furthermore, a judgment which is based upon issues not made by the pleadings is coram non judice and void, at least in so far as the judgment goes beyond the issues presented and raised by the pleadings." *Brown v. Wilson*, 348 Mo. 658, 155 S.W.2d 176, 180 (banc 1941) (*quoting Hecker v. Bleish*, 319 Mo. 149, 3 S.W.2d 1008, 1019 (1927)). *See also State ex rel. Safety Ambulance v. Kinder*, 557 S.W.2d 242, 244 (Mo. banc 1977); *Rouse Co. of Mo. v. Justin's, Inc.*, 883 S.W.2d 525, 528–29 (Mo. App.1994).

Mr. Mohart was held in contempt for violating orders which were issued by Judge Romano on December 3, 1993. Those orders were supposed to be responsive to the issues raised by the prior pleadings, namely, the November 19, 1993 show cause orders which directed Mr. Mohart and Mr. Heflin "to show cause why your order for the 'early release' of Defendant, David Duly, on November 13, 1993, was a lawful, proper order; and was not contrary to the City Ordinance of Kansas

City, Section 23.11, and administrative procedures prescribed in connection thereto."

The only issue raised by the express language of the November 19, 1993 show cause orders was the legality of the early release of Mr. Duly. The resulting judgment not only adjudicated the propriety of Mr. Duly's discharge from M.C.I., it also included orders which dictated early release guidelines to be applied to M.C.I.'s entire inmate population. Those orders which went beyond the issue of Mr. Duly's own incarceration were clearly outside the scope of the issues raised by the show cause orders.

■ Given this court's determination that Judge Romano's establishment of early release guidelines for all inmates at M.C.I. was beyond the scope of the pleadings, there remains the question of whether such an issue was nevertheless tried by consent in the show cause hearing on November 29, 1993. When issues not raised by the pleadings are tried by the express or implied consent of the parties, such issues will be treated as if they had been raised in the pleadings, which may be amended to conform to the proof even while the case is on appeal, *Leahy v. Leahy*, 858 S.W.2d 221, 226 (Mo. banc 1993); *Biehle v. Frazier*, 360 Mo. 1068, 232 S.W.2d 465, 467 (1950).

■ Implied consent, however, cannot be found where the evidence presented was relevant and admissible to other issues in the case. *Missouri Dental Bd. v. Cohen*, 867 S.W.2d 295, 297 (Mo.App.1993). "The implied consent rule applies only where the evidence presented bears solely on the unpleaded issue and not upon issues already in the case." *Id.* at 297.

At the November 29, 1993 show cause hearing, there was testimony from Mr. Mohart and Mr. Heflin on the issues of whether prisoners sentenced to M.C.I. from the Circuit Court were excluded from the early release process, whether prisoners coming into M.C.I. had an out date based upon their sentence or upon an advance calculation of time off for good behavior, and whether background checks were conducted concerning prisoners considered for early release. This testimony, however, was relevant to an

issue already in the case, namely the legality of Mr. Duly's release, and therefore the implied consent rule would not apply.

Because Judge Romano's orders promulgating early release guidelines for all inmates at M.C.I. were beyond the scope of the pleadings, the orders were coram non judice and void. *Brown,* 155 S.W.2d at 180; *Rouse,* 883 S.W.2d at 528–29. A violation of an order which is void because it is beyond the jurisdiction or power of the court to make is not punishable as contempt, *Missouri Electric Power Co. v. City of Mountain Grove,* 352 Mo. 262, 176 S.W.2d 612, 616 (1944), and an order of contempt for failing to comply with a void judgment is itself void. *White v. Hutton,* 240 S.W.2d 193, 200 (Mo. App.1951). Such an order is properly challenged by a writ of prohibition. *State ex rel. Chemical Dynamics, Inc. v. Luten,* 581 S.W.2d 921, 923 (Mo.App.1979).

Judge Romano's concern that M.C.I. is releasing prisoners in violation of the municipal ordinances governing M.C.I. is supported by the evidence. Nevertheless, this court's determination that Judge Romano's order of contempt is void because it is based upon the violation of underlying orders which are themselves coram non judice and void, is dispositive of this proceeding in prohibition. Therefore, this court need not address the more complex issue of Mr. Mohart's separation of powers argument. Similarly, this court need not address Mr. Mohart's claim that there was no evidence of willfulness or contumacy on his part.

The preliminary writ in prohibition is made absolute.

All concur.