James Price SCHUMACHER, Individually and as natural guardian for James Price Schumacher, II and Charles Beckwith Schumacher, Minors, et al., Respondents,

v.

Louis Edward SCHUMACHER, Austin, Individually and as Trustee of the Louis E. Schumacher, Sr. Irrevocable Trust Agreement dated December 30, 1976, et al., Appellants.

No. WD 70465.

Missouri Court of Appeals, Western District.

Feb. 23, 2010.

Patrick N. Fanning, for Appellants.

Charles T. Schimmel, for Respondents

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES EDWARD WELSH, Judge.

VICTOR C. HOWARD, Judge.

Louis Edward Schumacher Austin and Sara Schumacher ("Trustees")[1] appeal the

1. Trustees will be referred to individually by their respective last names; however, as the

parties and the trial court used the name

judgment of the trial court in favor of James Price Schumacher and Cindy Sue Davis ("Beneficiaries") on their petition for declaratory judgment. On appeal, Trustees contend that the trial court erred in entering a judgment finding that Trustees had breached their fiduciary duties because: (1) the issue was outside of the pleadings and had not been tried by consent; and (2) the court failed to hear evidence and consider facts that would have supported Trustees' investment decisions. The judgment is reversed and remanded in part and affirmed in part.

### Factual and Procedural Background

Beneficiaries filed a petition for declaratory judgment after a dispute arose regarding Trustees' management of trust assets. Beneficiaries are two of four children of Louis E. Schumacher, Sr. ("Grantor") and Topper. Grantor and Topper had two other children—Austin, and Johnny Griffin Schumacher.[2]

In 1976, Grantor created an irrevocable trust and designated Topper and Austin as the trustees. Under the terms of the trust, income was to be paid in equal shares to each of the four children during Grantor's lifetime and for a period of five years thereafter. The trust was to terminate five years after Grantor's death, and the principal was to be distributed to Grantor's then living descendants.

In 1984, Trustees formed a limited corporation named The Schumacher Group, Ltd. ("the Corporation"), and the irrevocable trust was its sole shareholder. In 1986, Grantor and Topper created a second trust, a revocable trust, and named themselves as trustees. Upon Grantor's death in May of 1998, the revocable trust split into three separate trusts: a qualified terminable interest property trust ("QTIP trust"), a marital trust, and a family trust. Topper is the sole trustee of the three trusts. At the time of Grantor's death, the irrevocable trust held three assets: cash or cash equivalents, land, and stock in the Corporation.

In January 2001, Trustees entered into agreements forming the Topper Schumacher Family Limited Partnership ("the Partnership") and the Lou Schumacher, Sr., LLC ("the LLC").[3] The Partnership Agreement provides that the Partnership will continue until 2051 unless all partners agree to an earlier termination and that no partner shall have the right to partition any real property of the Partnership during its term.

Shortly after forming the Partnership and the LLC, Trustees conveyed all assets of the irrevocable trust into the Partnership and LLC in exchange for a .37 percent interest in the LLC valued at $55 and a .5 percent interest in the Partnership valued at $7,000. Beneficiaries learned of the conveyance after it occurred. In February 2001, Topper also conveyed all of the assets in the family and QTIP trusts, and a portion of her marital trust assets, into the Partnership in exchange for substantial general and limited partnership interests. Additionally, the Corporation transferred an office building it owned to the Partnership and $1,770 to the LLC. Topper, as trustee of the QTIP and family trusts and as president of the Corporation, held a

"Topper" to refer to Sara Schumacher, we will refer to her as Topper as well.

**2.** While Johnny Griffin Schumacher was a defendant in the case, he did not actively participate in the briefing of the legal issues before the trial court based on his belief that

"the declaratory judgment issues [would] be adequately briefed on both sides by the Plaintiff and the other Defendants."

**3.** The LLC is the general partner of the Partnership.

59.57 percent controlling interest in the LLC.

Prior to May 2003, Trustees exchanged the irrevocable trust's interests in the Partnership and the LLC for additional shares of the Corporation. As a result of all these conversions, most of the meaningful assets in the trusts were transferred to the Partnership controlled by Topper. When the irrevocable trust terminated in May 2003, five years after Grantor's death, shares of the Corporation were the only asset held by the irrevocable trust. The shares were distributed to Grantor's four children.

On November 18, 2005, Beneficiaries filed their petition for declaratory judgment. Beneficiaries subsequently filed their first amended petition for declaratory judgment, which contained ten counts. Beneficiaries later dismissed six of the counts and proceeded on Counts I and VII.[4] In Count I, Beneficiaries alleged that Trustees had no power under the terms of the irrevocable trust to convert trust assets into assets of the Partnership; that Trustees' fiduciary obligations continued after the formation of the Partnership; and that the distribution of Corporation stock to Beneficiaries was an improper distribution of the trust corpus and did not discharge Trustees of their fiduciary obligations. In Count VII, Beneficiaries alleged that Topper had no power under the terms of the family and QTIP trusts to convert assets of the trusts into Partnership assets and that Topper's fiduciary obligations continued after the formation of the Partnership.

Although a bench trial had been set to begin on February 13, 2007, Beneficiaries took the position that there were no disputed facts relevant to their action for declaratory judgment. Beneficiaries chose to waive trial and asked the court to decide the case solely upon the legal issues. Beneficiaries then filed a trial brief setting forth a statement of uncontested facts. In their response, Trustees specifically disputed several of Beneficiaries' factual assertions and made hearsay objections to a number of Beneficiaries' exhibits. Because Beneficiaries did not respond to Trustees' objections to the exhibits, the court sustained Trustees' objections. Additionally, the court stated that, as a basis for deciding the legal issues, it would consider only those factual assertions and exhibits in Beneficiaries' trial brief which were uncontested by Trustees' response, and the affirmative defenses argued in Trustees' brief that were based upon uncontested fact.

In its judgment, the trial court described the primary legal issue as whether Trustees acted outside their authority in converting trust assets into assets of the Partnership. Initially, the court acknowledged that the terms of both the irrevocable and the revocable trusts authorized Trustees to exchange trust assets for corporate or partnership interests. However, the court noted that such a finding did not resolve the issues raised by Beneficiaries because Trustees' authority was still subject to the fiduciary duties prescribed by the Missouri Uniform Trust Code ("MUTC"). The court observed that, therefore, the question of whether Trustees exceeded their authority had to be judged with those limitations in mind.

Based upon the undisputed facts, the court found that the overall effect of Trustees' actions was to delay Beneficiaries' enjoyment of the irrevocable trust in that

---

4. The trial court found that, along with their voluntary dismissal of the six counts, Beneficiaries had abandoned two additional counts, and the court dismissed those counts without prejudice.

they were given stock in the Corporation, whose sole asset was an interest in the Partnership, and were given an interest in the LLC, which acted as the general partner of the Partnership. Absent the agreement of all partners, Beneficiaries have no ability to gain access to Partnership assets. The court further found that Topper's exchange of QTIP and family trust assets for LLC and Partnership interests would also delay Beneficiaries' enjoyment of those trusts because, upon Topper's death, Beneficiaries would receive LLC and Partnership interests rather than liquid or marketable assets. Therefore, the court ultimately found that Trustees had acted outside their authority when they converted trust assets into LLC and Partnership interests because they had violated their duties to Beneficiaries to adhere to the purpose of the trust, to be loyal, and to prudently administer the trust. The court held that the transfers of trust assets to the LLC and Partnership were voidable transfers and that Beneficiaries were entitled to have the transfers set aside.

As to Trustees' affirmative defenses, the trial court considered only those affirmative defenses which were argued in Trustees' trial brief and were based upon uncontested fact. In considering Trustees' affirmative defenses of estoppel and waiver, the court found that Trustees had failed to allege uncontradicted facts to support the elements of the defenses asserted. The court concluded that, therefore, Beneficiaries' action for declaratory judgment was not barred by either of Trustees' affirmative defenses.

Trustees subsequently filed a motion to vacate portions of the declaratory judgment and alternative motion for a new trial, which the trial court denied. This appeal by Trustees followed.

## Standard of Review

Although appellate review of a declaratory judgment is ordinarily that of any other court-tried case, i.e., *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), where the issues raised in Trustees' appeal involve questions of law, our review is *de novo*. See *Carroll v. Mo. Bd. of Prob. & Parole*, 113 S.W.3d 654, 656 (Mo.App. W.D.2003).

## Discussion

Trustees raise two points on appeal. In their first point, they contend that the trial court erred in entering a declaratory judgment finding that Trustees breached fiduciary duties owed to Beneficiaries because such a finding exceeded the scope of the parties' pleadings and the issue was not tried by consent.

Any person interested in the administration of a trust may file a petition for declaratory judgment seeking a declaration of rights or legal relations to determine any questions arising in the administration of the trust. *Betty G. Weldon Revocable Trust ex rel. Vivion v. Weldon ex rel. Weldon*, 231 S.W.3d 158, 173 (Mo.App. W.D.2007); *see also* § 527.040(3), RSMo 2000. The purpose of such a petition "is to limit and define the issues to be tried and to put the adversary on notice thereof." See *Allen Quarries, Inc. v. Auge*, 244 S.W.3d 781, 783 (Mo.App. S.D.2008). To the extent that a judgment is based upon issues not raised in the pleadings, it is void. *Id.*

However, if an issue not raised by the pleadings is tried by express or implied consent of the parties, the issue will be treated as if it had been raised in the pleadings. Rule 55.33(b). " 'The implied consent rule applies only where the evidence presented bears solely on the unpleaded issue and not upon issues already

in the case[.]'" *McCord v. Gates*, 159 S.W.3d 369, 375–76 (Mo.App. W.D.2004) (quoting *State ex rel. Mohart v. Romano*, 924 S.W.2d 537, 540 (Mo.App. W.D.1996)).

■ Trustees contend that the issue of whether Trustees violated their fiduciary duties was not before the court. Trustees note that Beneficiaries dismissed all counts that alleged breaches of fiduciary duty or loyalty and that, in the two remaining counts, Beneficiaries claimed only that Trustees had no power *under the terms of the trusts* to convert assets of the trusts into Partnership assets. Beneficiaries claim that they dismissed their breach of fiduciary duty claims because they were encompassed in the more general allegations presented by Counts I and VII. In its denial of Trustees' motion to vacate portions of the declaratory judgment, the trial court found that the issue presented was not as simple as Trustees suggested. We agree.

The trial court found that there was no need to dissect and interpret each provision of the trusts, as the broad language of the instruments clearly authorized Trustees to convert trust assets to interests in business entities. However, the court found that the powers granted by the trust were subject to and limited by the fiduciary duties prescribed by the MUTC. *See* § 456.8–815.2 (providing that "[t]he exercise of a power is subject to the fiduciary duties prescribed by section 456.8–801 to 456.8–814"). Trustees make no claim that the MUTC provisions cited by the court do not apply or are trumped by the terms of the trust. Therefore, in order for the court to determine the current status, rights, and obligations of the parties, as it was asked to do, the court could not merely interpret the terms of the trust and ignore law that it found to be applicable in addition to the terms of the trust.

Furthermore, we find Trustees' argument that they had no opportunity to anticipate the breach of fiduciary duty issue to be without merit. In their trial brief, Beneficiaries alleged that Trustees "had no authority under the [trusts'] terms or Missouri law" to create the Partnership, convert trust assets into Partnership assets, and, in the case of the irrevocable trust, distribute stock at the date of the trust's termination. Additionally, in their memorandum in opposition to Beneficiaries' request for declaratory judgment (which only addressed Counts I and VII of Beneficiaries' first amended petition), after arguing that Beneficiaries could not show that Trustees acted in excess of the powers bestowed upon them by the trust instruments, Trustees stated the following:

> [Beneficiaries] also cannot show that [Trustees] violated either the letter or spirit of Missouri law. [Beneficiaries] cannot demonstrate that [Trustees] violated Missouri common law. In addition, [Beneficiaries] will not be able to satisfy their burden that [Trustees'] decision to place trust assets into the [Partnership] violated Missouri statutory law.... If anything, Missouri's 2004 adoption of the Uniform Trust Code confirms that [Trustees] were acting in the best interests of all beneficiaries when they placed assets into the [Partnership]. [Beneficiaries'] declaratory judgment claim therefore finds no solid footing in the trust instrument or Missouri law.

As to the trusts for which Topper was the sole trustee, Trustees also argued in the same memorandum that Topper had acted in a manner consistent with prudent investor standards and had not engaged in self-dealing or a breach of loyalty. Lastly, both parties agreed that the court could look to the MUTC for guidance and instruction.

In light of the arguments made before the trial court, it is clear that Trustees contemplated that the issues Beneficiaries presented could involve the application of Missouri law in addition to an interpretation of the straightforward terms of the trusts. If not inherently intertwined with the issues brought up in Beneficiaries' petition, the issue of Trustees' authority within the confines of Missouri trust law, in addition to the trust terms, was injected into the case with Trustees' consent. If, as Trustees claim, the sole issue was a question of authority within the terms of the trust instruments, Trustees went beyond that issue when they made arguments based on Missouri trust law that applied in addition to the trust terms. Therefore, the trial court did not err in addressing the issue of whether Trustees had exceeded their authority by violating certain fiduciary duties owed to Beneficiaries. Point one is denied.

■ In their second point, Trustees contend that the trial court erred in entering a declaratory judgment finding that Trustees breached fiduciary duties owed to Beneficiaries because it failed to hear evidence and consider facts that would have supported Trustees' investment decisions.[5] Trustees argue that the trial court should not have disregarded their affirmative defenses for the reason that they were based on disputed facts.

Although not designated as such, the procedural route taken in this case was somewhat akin to the procedures used in summary judgment cases. Beneficiaries, who took the position that there were no disputed facts relevant to their action for declaratory judgment, waived trial and asked the court to decide only the legal issues. Therefore, no trial was held, and the court ordered the parties to submit briefs based only on the undisputed facts of the case. In its declaratory judgment, the trial court found that Trustees had failed to allege facts in support of their affirmative defenses or disregarded defenses, or certain elements of defenses, because Trustees' arguments were based on disputed facts.[6]

■ In the context of a summary judgment motion, the claimant must establish that there is no genuine dispute as to the material facts upon which the claimant would have the burden of persuasion at trial. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). However, when the defendant has raised affirmative defenses, the claimant moving for summary judgment must also establish that the affirmative defenses fail as a matter of law. *Id.*

In this case, Beneficiaries were fundamentally claiming that, based on the undis-

5. Under its second point, Trustees argue that the trial court should not have deemed as admitted facts previously denied in Trustees' answer to Beneficiaries' original petition due to Trustees' failure to file a new answer to Beneficiaries' first amended petition, which was substantially the same as Beneficiaries' original petition. However, because the trial court specified in its judgment that it was considering "only those factual assertions and exhibits which are set forth in [Beneficiaries]' Trial Brief and uncontested in [Trustees]' Response thereto," we do not consider Trustees' argument in this regard.

6. For example, the trial court noted that one of Trustees' defenses had merit only if actions to which Beneficiaries had previously consented were so similar to the actions of the Trustees now at issue that Beneficiaries' prior consent would constitute implied consent to Trustees' subsequent actions. Trustees depicted the actions as similar in character, but Beneficiaries denied any such similarity. Because Trustees' argument was based upon disputed fact, the court declined to address it.

puted facts, they were entitled to judgment as a matter of law on the claims they would have had the burden of proving at trial. Because the trial court disregarded Trustees' affirmative defenses insofar as they were based on disputed facts, Beneficiaries were able to obtain a judgment in their favor on the legal issues without having to establish that Trustees' affirmative defenses would have failed as a matter of law. The trial court's method of disposing of Trustees' affirmative defenses essentially prohibited Trustees from presenting the facts that would have supported their defenses.

While there may have been no disputed facts relevant for Beneficiaries to make their case, it is apparent that there were disputed facts relevant to Trustees' affirmative defenses. Therefore, the procedural route taken in this case was improper in that it, in effect, placed a burden of proof on Trustees yet prevented them from proving the facts which would have supported their affirmative defenses. Regarding the factual disputes underlying Trustees' affirmative defenses, the trial court erred in granting judgment in favor of Beneficiaries without hearing evidence to determine the factual issues related to the affirmative defenses. We reverse and remand the case to the trial court so that the court may hear evidence and evaluate the disputed facts with regard to Trustees' affirmative defenses.[7]

All concur.

---

7. We note that in their second point, Trustees claim that the trial court erroneously found that Topper exceeded her powers in that she had an inherent conflict of interest. However, because Trustees' argument addresses only one of several findings upon which the court based its final determination, we need not address Trustees' argument.